# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00037-MR-DLH

| | |
|---|---|
| **THE ESTATE OF GEENA GEE BRATTON, by and through its successor-in-interest GEORGE ANDREW BRATTON,** ) ) ) ) ) ) **Plaintiff,** ) ) ) vs. ) ) ) **THE UNITED STATES DEPARTMENT OF JUSTICE, et al.,** ) ) ) **Defendants.** ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] and the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 3].

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted.

See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

Here, the Plaintiff George Andrew Bratton brings this action *pro se* against the United States Department of Justice, the United States Attorney General Eric Holder, United States Attorney Anne Tompkins (misidentified in the Complaint as "Ann M. Tompkines"), and the Disability Rights North Carolina Organization, asserting various claims stemming from the death of the Plaintiff's daughter, Geena Gee Bratton. All of the claims are asserted by the Plaintiff in his capacity as the purported personal representative of his daughter's estate ("Estate"). [See Doc. 1 at 6 ¶4]. The Plaintiff, however, has not submitted any evidence to the Court to establish that he has been so appointed. In fact, the Complaint indicates that another person may have been appointed as the personal representative of the Estate. The Plaintiff makes reference to the decedent's step-grandmother having had submitted "a false right of Estate Administration packet to the Mecklenburg County Probate court without any legal authority or any family blood of [sic] blood rights…." [Doc. 1 at 2]. Thus, it appears that the

Plaintiff's claimed status as the designated personal representative of the Estate may be in question.

Even assuming that the Plaintiff has in fact been so designated, however, he may not proceed in this action without the assistance of counsel. Although the Fourth Circuit has not yet directly addressed the issue in a published opinion[1], other courts have held that where an administrator or executor of an estate is not the sole beneficiary or where the estate has creditors, then he or she may not represent the estate *pro se* in federal court. Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2$^{d}$ Cir. 1997); McAdoo v. United States, No. 1:12cv328, 2014 WL 359043, at *1 (W.D.N.C. Feb. 3, 2014) (Howell, M.J.).

Here, the Plaintiff's Complaint indicates that there are other potential beneficiaries to the decedent's estate. [See Doc. 1 at 2 (referencing decedent's step-grandmother); at 9 ¶18 (referencing Plaintiff's niece and grandson)]. Further, the exhibits attached to the Plaintiff's Complaint

---

[1] The Fourth Circuit Court of Appeals has noted in an unpublished opinion that the Sixth Circuit and Second Circuit have held that a pro se litigant cannot represent an estate if there are other beneficiaries or creditors. Witherspoon v. Jeffords Agency, Inc., 88 F. App'x 659, 659 (4th Cir. 2004) (unpublished). In Witherspoon, the Court remanded the action for further proceedings where the record was unclear as to whether there were any other beneficiaries or creditors of the estate at issue. Id.

indicates that there is at least one creditor of the estate. [See Doc. 1-1, Written Statement of Claim]. Under these circumstances, if the Plaintiff wishes to proceed with this action, he must employ the services of an attorney to represent the Estate.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days from the entry of this Order within which to obtain counsel. Upon the entry of an appearance by counsel, the Court will allow counsel twenty-one (21) days to file an amended complaint that sets forth any non-frivolous claims arising from the death of the Plaintiff's daughter. If the Plaintiff fails to comply with this Order and obtain counsel within the time allowed, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] and the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 3] shall be **HELD IN ABEYANCE**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge